<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MALIBU MEDIA, LLC,** | |
| *Plaintiff,* | Civil Action No. 14-7517 |
| **v.** | **OPINION** |
| **CHRISTIAN RAMISCAL,** | |
| *Defendant.* | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court on the motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) by Plaintiff Malibu Media ("Plaintiff") against Defendant Christian Ramiscal ("Defendant" or "Ramiscal").  Dkt. No. 16.  For the reasons stated below, the motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff Malibu Media LLC (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of California and its principal place of business is located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA 90015.  Am. Compl. ¶ 8, Dkt. No. 8.  Plaintiff is the registered owner of the copyrights set forth in Exhibit B to the Amended Complaint ("Copyrights-in-Suit").  Id. ¶ 3; Ex. B. Copyrights-in-Suit for IP Address 100.1.11.172.  Defendant Christian Ramiscal, a persistent online infringer of Plaintiff's copyrights, is an individual residing at 227 Tonnele Avenue, Jersey City, NJ 07306.  Am. Compl., ¶¶  2, 9.

1

The BitTorrent file distribution network ("BitTorrent") is a peer-to-peer file sharing system for distributing large amounts of data, including, but not limited to, digital movie files. Id. ¶ 10. In order to distribute a large file, BitTorrent breaks the file down into small pieces, known as "bits," which users exchange directly with each other. Id. ¶ 12. After a user receives all of the bits of a file, the user's BitTorrent client software reassembles the bits so that the file may be opened and utilized. Id. ¶ 13. Each bit of a file is assigned a unique "cryptographic hash value" that acts as the bit's unique digital fingerprint and ensures each bit is properly routed between BitTorrent users as they engage in file sharing. Id. ¶¶ 14, 15. Each entire digital file also has a unique cryptographic hash value ("file hash") that acts as a digital fingerprint identifying the digital media file (e.g. a movie) as complete and accurate. Id. ¶ 16.

Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated in Exhibit A. Id. ¶ 19; Ex. A. File Hashes for IP Address 100.1.111.172. On an unspecified date, IPP International UG ("IPP International"), an investigator hired by Plaintiff, established a direct TCP/IP connection with Defendant's IP address. Am. Compl., ¶ 17; Ex. A. IPP International downloaded from Defendant one or more bits of each digital movie files identified by the file hashes listed in Exhibit A. Am. Compl. ¶ 18. IPP International also downloaded from Defendant on or more bits of each file hash listed in Exhibit A. Id. ¶ 21. IPP International further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed in Exhibit A. Id. IPP International then verified that the digital media file correlating to each file hash listed in Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash in Exhibit A. Id. IPP International connected, over the course of time, with Defendant's IP address for each

2

hash value listed in Exhibit A.  Id. ¶ 22.  The Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number is set forth in Exhibit B.  Id. ¶ 23; Ex. B.

On October 25, 2014, Defendant's ISP, Verizon Fios, identified Defendant's sister as the Internet subscriber addressed IP address, 100.1.111.172.  Am. Compl. ¶ 25.  After receiving the subscriber's name, Plaintiff conducted an investigation.  Id. ¶ 30.  This investigation revealed that Defendant had access to and regularly used the Internet at the subject IP address.  Id. ¶ 31.  In addition, Defendant publicly declared interests on social media sites that match the subjects of the works that IPP recorded being distributed from the subject IP address.  Id. ¶ 32.

Plaintiff filed a Complaint in this Court alleging that the anonymous BitTorrent user assigned to IP address 100.1.111.172 intentionally violated Plaintiff's exclusive right to (A) reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501; (B) redistribute the copyrighted works to the public by sale or other transfer of ownership, rental, lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501; and (D) display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501.  Compl. ¶ 32 (A)-(D), Dkt. No. 1.  Plaintiff requested that the Court: (A) permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works; (B) order Defendant permanently delete all digital files relating to the copyrighted works from all computers under Defendant's possession, custody, or control; (C) order that Defendant permanently delete any additional copies of the files; (D) award Plaintiff statutory damages per infringed copyrighted work, as provided by 17 U.S.C. § 504-(a) and (c); (E) award Plaintiff attorneys' fees and costs, as provided by 17 U.S.C. § 505; and (F) grant any further relief the Court deems just and proper.  Id.

¶ 33.

On January 1, 2015, Magistrate Judge James B. Clark, III, granted Plaintiff's motion to serve a third-party subpoena on Verizon Fios, the internet service provider of the Defendant IP address 100.1.111.172, directing Verizon Fios to disclose the user's "name and address."  Dkt. No. 5 at 1.

On April 6, 2015, Plaintiff filed an Amended Complaint, naming Christian Ramiscal as Defendant BitTorrent user associated with IP address 100.1.111.172 and repeating the factual allegations, cause of action, and plea for relief contained in the Original Complaint.  Dkt. No. 8. Defendant Ramiscal was served on April 17, 2015, and Plaintiff filed the executed summons with this Court on April 29, 2015.  Dkt. No. 12.  Defendant is not a minor, incompetent, or in active duty military and did not initially appear, plead, or otherwise defense this action.  Declaration of Patrick J. Cerillo, Esq. ("Cerillo Decl."), Dkt. No. 16-5, ¶¶ 6-7.  On May 28, 2015, Plaintiff filed a request for entry of default, and the Clerk of Court entered default against Defendant Ramiscal that same day.  Dkt. No. 14.  On July 9, 2015, the Court issued a text order directing Plaintiff to move this civil action by moving for default judgment, within ten (10) days or the action would be listed for dismissal on July 24, 2015.  Dkt. No. 15.

On July 17, 2015, Plaintiff filed the instant motion for default judgment.  Dkt. No. 16. Plaintiff seeks (A) $45,000.00 in statutory damages under 17 U.S.C. § 504(c)(1); (B) $1,657.00 in costs and attorneys' fees under 17 U.S.C. § 505; (C) a permanent injunction barring Defendant from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law over Plaintiff's copyrighted works; and (D) ordering that Defendant destroy all copies of Plaintiff's Works that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization.  Dkt. No. 16-1 at 15; Dkt. No. 16-5 ¶¶ 8-9 (itemizing costs and attorneys' fees).  The

4

motion is unopposed.

## II.   STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).  Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III.   ANALYSIS

### A.  Jurisdiction & Service

The Court has both personal jurisdiction over Defendant and subject matter jurisdiction over this dispute.  Here, the records reveals that Defendant resides in New Jersey and was served with process at his residence, 227 Tonnele Avenue, Jersey City, NJ 07306.  See Dkt. No. 12.  As

such, the Court has personal jurisdiction over Defendant.  This is a copyright infringement case, and the federal courts have original jurisdiction in such cases.  See 28 U.S.C. § 1338.  The Copyright Act creates a cause of action in favor of the owner of copyright for direct infringement. 17 U.S.C. § 501.  Thus, the Court is satisfied that it has jurisdiction to enter default judgment.

### B.  Liability

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Comdyne, 908 F.2d at 1149.  The Complaint pleads facts which, taken as true, establish Defendant's liability for copyright infringement.

To establish a claim of copyright infringement a plaintiff must establish by a preponderance of the evidence: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."  Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002).  In addition, copyright infringement may be considered willful when a Defendant defaults and decides not to defend against the action.  Malibu Media, LLC v. Flanagan, No. 13- 5890, 2014 U.S. Dist. LEXIS 89224, at *6 (E.D. Pa. June 30, 2014).

Plaintiff has met its burden through its pleadings, asserting it is the owner of the twenty copyrights that Defendant has directly infringed through use of the BitTorrent protocol to illegally download, reproduce and distribute Plaintiff's work.  See Am. Compl. ¶¶ 3, 10, 12, 13, 17, 18, 20, 21, 37, 38, 39, 40, 41.  Each of the alleged infringements is supported by Plaintiff's Exhibits A and B, filed with the Amended Complaint.  See Dkt. Nos. 8-1, 8-2.  The IP address used to infringe Plaintiff's videos has been identified as Defendant's sisters.  Am. Compl. ¶ 25.  Plaintiff's assertion that the Defendant is the likely infringer based on circumstantial evidence is persuasive in view of

the facts alleged in the Amended Complaint.[1]  Additionally, Defendant's infringement was willful as Defendant has defaulted and has failed to defend or even appear in this action, despite being served with the Amended Complaint.  Therefore, Plaintiff has met its burden to demonstrate that the Defendant has willfully infringed twenty of Plaintiff's copyrights.

### C.  Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  Doug Brady, 250 F.R.D. at 177.

Nothing in the record suggests that Defendant would have a meritorious defense. Defendant may argue that his sister was the infringer since it was her IP address that allegedly infringed the copyrights.  However, the Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense.  See Doe v. Simone, No. 12-5825, 2013 U.S. Dist. LEXIS 99535, at *5 (D.N.J. July 17, 2013).  Thus, in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendant does not have a meritorious defense. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default as it would have no other means of obtaining relief.  Finally, the Court finds that Defendant acted culpably as he has been served with the Complaint, is not an infant or otherwise incompetent, is not presently engaged in military service, and has failed to engage in this litigation.  See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).  Accordingly, default judgment is appropriate here.

---

[1] The Court is required to take factual allegations in Plaintiff's Amended Complaint as true, and in view of Defendant's default, the Defendant has effectively admitted the factual allegations in the Amended Complaint.  See Comdyne, 908 F.2d at 1149.

### D.  Appropriate Relief

#### a.  Statutory Damages

Plaintiff has requested the following relief to be granted: (1) statutory damages of $2,250.00 per copyrighted work, three times the minimum statutory damages of $750 per work, for a total award of $45,000, (2) an injunction against the Defendant, and (3) costs and attorneys' fees.  As explained below, the Court finds an award of $15,000 ($750 per infringement) in statutory damages to be appropriate for this matter.

When copyright infringement is found, the copyright holder may elect to recover statutory damages against the infringer rather than recover actual damages.  17 U.S.C. § 504(a)(2).  An award of statutory damages may be recovered between $750.00 and $30,000.00 for each infringement "as the court considers just."  Id. § 504(c)(1).  Statutory damages serve the dual purpose of punishing and deterring the infringer while compensating the copyright holder for the infringement.  Schiffer Publ'g, Ltd. v. Chronicle Books, LLC, No. 03-4962, 2005 WL 67077, at *4 (E.D. Pa. Jan. 11, 2005).  However, when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages amount.  See, e.g., Arista Records, LLC v. Callie, No. 07-712, 2007 U.S. Dist. LEXIS 43563 (D.N.J. June 15, 2007); D.C. Comics Inc., v. Mini Gift Shop, 912 F.2d 29, 35, 37 (2d Cir. 1990).  The starting point for statutory damages analysis in a copyright action is the minimum, $750.00 per infringement, and it is up to the court to decide whether to increase that figure based on the Defendant's conduct.  See Malibu Media, LLC v. John Does 1, 6, 13, 14, 950 F. Supp. 2d 779, 788 (E.D. Pa. June 18, 2013); Broad. Music, Inc. v. Spring Mt. Area Bavarian Resort, LTD, 555 F. Supp. 2d 537, 545 (E.D. Pa. 2008).

Plaintiff has requested to recover statutory damages in the amount of $45,000.00, or $2,250.00 per infringement, which is three times the $750.00 minimum statutory damage award.

Since statutory damages are determined based on the discretion of the court, 17 U.S.C. § 504(c)(1), the Court looks to the facts in the Amended Complaint as well as other evidence adduced by the Plaintiff to determine whether the requested statutory damage amount is appropriate.  See Broad. Music, Inc., 555 F. Supp. 2d at 545.

Courts considering similar infringement actions regarding unauthorized online distribution of copyrighted material have found statutory damages between $750.00 and $2,250.00 per infringing work to be reasonable.  See e.g., Malibu Media, LLC v. Powell, No. 15-1211, 2016 U.S. Dist. LEXIS 273, at *1 (M.D. Pa. Jan. 4, 2016) ($750 per infringed work); Malibu Media, LLC v. Flanagan, No. 13-5890, 2014 U.S. Dist. LEXIS 89224, at *10 (E.D. Pa. June 30, 2014) ($1,500 per infringed work); Malibu Media, LLC v. Goodrich, No. 12-1394, 2013 WL 6670236, at *11 (D. Colo. Dec. 18, 2013) ($2,250.00 per infringed work).  In Malibu Media, LLC v. Powell, defendant had similarly engaged in BitTorrent protocol downloading of Malibu Media's copyrighted works, defendant defaulted, and the court granted a default judgment against the defendant.  2016 U.S. Dist. LEXIS 273, at *2-6.  The court rejected plaintiff's request for statutory damages in the amount of $2,250.00 per infringed work as the defendant and concluded that "an award of $750 per violation will serve as a sufficient deterrent of future violations by [Defendant] and others."  Id. at *3-4.

The Court finds Powell to be persuasive.  Plaintiff's requested amount of $2,250.00 per infringement is excessive in this case as Plaintiff has failed to plead or provide the Court with evidence regarding expenses saved by the Defendant or the amount of money Defendant profited from in its infringement.  Additionally, Plaintiff has not provided the Court with evidence regarding its particular damages, such as lost sales, caused by the Defendant's conduct.  Plaintiff is awarded $750.00 per infringement, or $15,000 total in statutory damages for Defendant's

infringement of twenty copyrighted videos.  This award is appropriate, reasonable, and will deter future infringements from Defendant as well as compensate Plaintiff.

### b.  Injunctive Relief

Plaintiff's injunctive relief request to enjoin the Defendant from continuing to infringe Plaintiff's copyrighted works is appropriate.  A district court is permitted to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).  Injunctions are appropriate against Defendants who have engaged in unlawful downloads to ensure the misconduct does not recur.  See Flanagan, 2014 U.S. Dist LEXIS 89224, at *13; Virgin Records Am., Inc. v. Bagan, 08-4694, 2009 WL 2170153, at *5 (D.N.J. July 21, 2009).  However, a plaintiff seeking a permanent injunction must demonstrate: (1) whether the moving party has shown actual success on the merits; (2) whether denial of injunctive relief will result in irreparable harm to the moving party; (3) whether granting of the permanent injunction will result in even greater harm to the defendant; and (4) whether the injunction serves the public interest.  See Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001).

As to the first factor, the Defendant's default prevents the Court from deciding this case on the merits.  However, Plaintiff has pled facts to support a default judgment against the Defendant and thus Plaintiff has shown success on the merits.

Second, Plaintiff has demonstrated that it will suffer irreparable harm if an injunction is not granted.  Plaintiff has asserted that due to the nature of the BitTorrent protocol, Defendant can continue to infringe and distribute the copyrighted works to numerous other users. Dkt. No. 16-1 at 12.  Therefore, Plaintiff has demonstrated that its harm is irreparable.

Third, an injunction will not prejudice the Defendant.  An injunction will only prohibit the Defendant from continuing to infringe Plaintiff's copyrighted works. Therefore, Defendant will

not be further harmed if an injunction is granted.

Finally, the prevention of copyright infringement serves the public interest. <u>See</u> <u>Apple Computer, Inc. v. Franklin Computer Corp.</u>, 714 F.2d 1240, 1255 (3d Cir. 1983) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work.").

In view of the factors above, Defendant's failure to respond to the Amended Complaint and the Plaintiff's assertion that Defendant will continue to infringe unless enjoined from doing so, the Court finds that a permanent injunction is proper. The Court additionally orders that Defendant is required to destroy all copies of Plaintiff's copyrighted works that Defendant has downloaded.

### c.   Costs and Attorneys' Fees

Pursuant to 17 U.S.C. § 505, a district court may, at its discretion, award costs and attorneys' fees to a prevailing party in a copyright infringement suit. 17 U.S.C. § 505. Specifically, Plaintiff requests $1,182.00 in attorney's fees and $475.00 in costs for a total of $1657.00. Cerillo Decl. at ¶¶ 8, 9, Dkt. No. 16-5. Plaintiff's counsel has submitted a declaration itemizing the time spent on this case and the costs associated with this case. <u>Id.</u> In view of Defendant's failure to appear or respond to this action and the reasonableness of Plaintiff's costs and attorneys' fees, Plaintiff's request of $1,657.00 is approved.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**. An appropriate order accompanies this opinion.

**Dated:** February 19, 2016

/s Madeline Cox Arleo_____
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**